NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

UNITED STATES OF AMERICA,

   Plaintiff,

v.

MICHAEL STRADFORD,

   Defendant.

Criminal No.: 08-07 (JLL)

**O R D E R**

---

**LINARES, District Judge.**

  This matter comes before the Court on the motion [CM/ECF #26] of Defendant Michael Stradford ("Defendant" or "Stradford") to reduce his sentence in accordance with the new crack cocaine sentencing guidelines. No oral argument was held.

  Stradford asserts in his motion that he is eligible for a reduction in his sentence due to the adoption in 2007 of Amendment 706 by the United States Sentencing Commission, which retroactively reduces by two points the offense level for persons sentenced under U.S.S.G. § 2D1.1(c) for crack cocaine. (Def. Br. at 1.) He further argues that he should receive more than the two-level reduction pursuant to United States v. Booker. 543 U.S. 220 (2005); Def. Br. at 2-3.

  This Court has the power to reduce a defendant's sentence under certain conditions. The condition pertinent to Defendant's motion is set forth in 18 U.S.C. § 3582 as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may

1

> reduce the term of imprisonment, after considering the factors set
> forth in section 3553(a) to the extent that they are applicable, if
> such a reduction is consistent with applicable policy statements
> issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). This authority, however, is predicated on the defendant being sentenced under a "sentencing range that has subsequently been lowered by the Sentencing Commission." Id.

Stradford was sentenced by this Court on July 16, 2008 to a term of 188 months. (Tr. of July 16, 2008 at 23.) He was sentenced as a career offender with an offense level of 31. (Id. at 4.) This Court expressly took notice that the presentence investigation report prepared for Stradford had already considered the effect of the two-level reduction in the Guidelines. (Id. at 5-6.) This Court also found that not only had Stradford's offense level calculation already taken into account Amendment 706, but that Stradford was sentenced as a career offender under U.S.S.G. § 4B1.1, and was thus ineligible for the crack cocaine reduction. (Tr. of July 16, 2008 at 6, 21, 23.)

This Court finds that Stradford's motion is controlled by the recent case of United States v. Mateo. In Mateo, the Third Circuit Court of Appeals explained why an individual sentenced under U.S.S.G. § 4B1.1 as a career offender could not receive the benefit of Amendment 706's change to crack cocaine sentencing:

> To be entitled to a reduction of sentence, a defendant's sentencing range must have been lowered by recalculation based on the amended base offense level. The applicable policy statement instructs that any reduction in sentence is not consistent with the policy statement and therefore not authorized by 18 U.S.C. § 3582(c)(2) if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).
>
> Here, the crack cocaine amendment ordinarily would have served

2

>to lower Mateo's base offense level from 28 to 26 under §
>2D1.1(c). However, Mateo's sentencing range was determined
>based on the alternative career offender offense level as stipulated
>by § 4B1.1. As a career offender, Mateo's base offense level
>remains 34 no matter whether the otherwise applicable base
>offense level—absent Mateo's career offender status—is 28 or 26.
>Keeping all other Guidelines calculations unchanged, application
>of Amendment 706 still yields a sentencing range of 188-235
>months, based on a total offense level of 31 and a Criminal History
>category of VI. Amendment 706 does not affect Mateo's
>applicable sentencing range, and therefore § 3582(c)(2) does not
>authorize a reduction in his sentence.

560 F.3d 152, 154-55 (3d Cir. 2009) (emphasis in original). This Court finds that Stradford's situation is identical to that described in <u>Mateo</u>. He is not eligible for the two-level reduction under Amendment 706 because he was sentenced as a career offender. As this Court finds that Stradford is not eligible for the reduction in sentence authorized under § 3582(c)(2) and Amendment 706, it finds his arguments for an even greater reduction than that provided for under the Guidelines moot. Good cause having been found for the reasons heretofore set forth,

**IT IS THIS** 24th day of September, 2009,

**ORDERED** that Defendant's motion [CM/ECF # 26] is **DENIED**.

Hon. Jose L. Linares
United States District Judge

3